THE GERMAN LUTHERAN CHURCH, Appellant, v. F. G. WALTHER, Respondent.

Kansas City Court of Appeals, November 10, 1890.

1.    **Costs**: TAXING AGAINST PARTIES NOT OF RECORD.    On a motion to retax costs, persons, not parties to the original suit, cannot have judgment rendered against them for costs of such action.

The German Lutheran Church v. Walther.

2. **Damages**: SUIT WRONGFULLY BROUGHT IN ANOTHER'S NAME. If parties wrongfully and without authority institute an action in another's name, they have committed a wrong for which they can be held liable in a legal way, if any injury or damage result to anyone.

*Appeal from the Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED.

*I. H. Kinley, A. W. Mullins* and *C. Hammond*, for appellant.

(1) Retaxation of costs is done when the clerk errs in fixing the amount of costs, and is in nowise a revision, alteration or modification of a judgment rendered at a previous term. *Dulle v. Deimlu*, 28 Mo. 583; *Jackson v. Railroad*, 89 Mo. 104. (2) The judgment rendered in favor of defendant Walther against plaintiff, the German Lutheran Church, for costs, was a final judgment. *Rogers v. Gosnell*, 51 Mo. 466. (3) After the term has closed the court has no further control over the judgments except by *nunc pro tunc* orders. These orders can only make the judgment roll conform to the actual judgment rendered by the court. *Beekin v. Rhodes*, 76 Mo. 643; *Gillett v. Bank*, 56 Mo. 304. (4) There is no pretense of surprise or fraud, and hence there can be no authority for setting this judgment aside. *Harbor v. Railroad*, 32 Mo. 423; *Jackson v. Railroad*, 89 Mo. 104. (5) The judgment rendered against appellants, who were not parties to the suit, and without any process or notice to show cause, was in clear violation of the universally accepted rule that every party is entitled to his day in court. (6) An error in the court rendering judgment is not cured by the statute of jeofails; it can only be corrected by an appeal or writ of error. *Ashby v. Glasgow*, 7

Mo. 320; *Hill v. St. Louis*, 20 Mo. 584; *Brewer v. Dinwiddie*, 25 Mo. 351. For the foregoing reasons we insist that the judgment of the lower court is erroneous and should be reversed.

*Sam. Majors* and *Tyson S. Dines* for respondent.

(1) No effort was made to modify the judgment. By the motion it was sought to correct an error of the clerk. The judgment was that defendant "recover of plaintiff his costs." The clerk taxed these costs against the church, which was not the plaintiff. The motion sought to have the costs taxed as provided by the judgment. The court may, at a term subsequent to the trial term, entertain a motion to retax the costs, where the clerk, by mistake or error, has taxed them against the wrong party. *Dulle v. Deimlu*, 28 Mo. 583. (2) The real party instituting a suit will, when discovered, be held liable for the costs, whether joined as a party or not. *Baker v. Raley*, 18 Mo. App. 563; *State ex rel. v. Railroad*, 78 Mo. 575. (3) The matter of the taxation and retaxation of costs in favor of or against the parties is a matter left largely to the discretion of the trial judge, and, unless the record shows clearly and affirmatively that this discretion has been abused, his rulings in such matters will not be disturbed. *Walton v. Walton*, 19 Mo. 667. (4) The appellants waived notice of the motion to retax costs by appearing in court and arguing it. *State ex rel. v. Smith*, 13 Mo. App. 421. (5) Assuming that the facts alleged in motion to retax costs are true, should the court not have sustained the motion? This court will assume that they are true, for the following reasons: *First*. They have been passed upon by a trial court, and the proof adduced or brought to the mind of the trial judge has not all been brought up here for review. *Second*. Every presumption is in favor of the correctness of the ruling in the lower court, and this must be rebutted by the record.

ELLISON, J.—An ejectment suit by plaintiff, or, if not by plaintiff, at least in its name, was instituted against defendant in the Chariton county circuit court. An answer was filed by defendant, setting up, *first*, by way of abatement, that the suit was instituted, without authority of plaintiff, by six parties named in the answer ; they, as alleged, having fraudulently usurped the rights and privileges of the congregation after having been expelled. And, *second*, a general denial. There was a trial of this action before a jury, and a general verdict rendered "for the defendant." The usual judgment was entered on this verdict as follows : "Whereupon it is ordered and adjudged by the court that the defendant go hence without day, and recover of the plaintiff all his costs in and about this suit expended, and have therefor execution."

At the succeeding term the following motion to retax costs was filed :

"German Lutheran Church of Brunswick, Missouri, Plaintiff,

*vs.*

"F. G. Walther, Defendant.

In the Circuit Court of Chariton County, October Term, 1889.

"Now comes said church by its trustees and attorneys and moves the court to retax the costs in said cause, wrongfully taxed against said church, and that costs be taxed against John T. Hartman, Louis Benecke, F. C. Sasse, Richard Gutzschebauch, Otto Amerlan and Charley Hopf, for the following reasons:

"*First.* The cause was tried at the April term, 1889, of this court, wherein it was determined and adjudged that said church was not legally before said court.

"*Second.* This cause was wrongfully brought by Louis Benecke, John T. Hartman, F. C. Sasse, Richard Gutzschebauch, Otto Amerlan and Charles Hopf, who,

The German Lutheran Church v. Walther.

as pretended trustees, brought said suit in the name of said church, without authority or right to do so."

The parties named therein appeared to this motion, which was, after argument, sustained, and an order entered taking the costs off of the plaintiff and taxing them against the parties named in the motion, who were alleged to have instituted the action without plaintiff's authority. We are of the opinion that the foregoing proceedings cannot be sustained consistently with established modes of procedure. The effect and result of the matter is, that there now stands a judgment in favor of defendant as to the merits of the ·ejectment, and against persons who were not parties to the suit, for the costs. If the parties named wrongfully, and without authority, instituted the action in plaintiff's name, they have committed a wrong, for which they could doubtless be held liable in a legal way, if any loss, injury or damage resulted to anyone. But we are not able to see our way clear in asserting, in the absence of a statute permitting it, that, on a motion to retax costs, persons, not parties to the original action, can have judgment rendered against them for the costs of such action.

We have been cited to the case of *Baker v. Raley*, 18 Mo. 562, but that case is unlike this. There, there was an independent action brought against the party sought to be charged with the costs. If the plaintiff in the ejectment suit did not institute the action, nor authorize it, it could, in different ways, resist the payment of costs adjudged against it; and it was, perhaps, well enough to relieve such plaintiff on the motion. But that is another matter from affirmatively adjudging them against persons not parties.

The judgment is reversed. All concur.